COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ISRAEL MENDOZA, III, | § | No. 08-23-00035-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 3 |
| LA MESA APARTMENTS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2019-CCV01919) |

## MEMORANDUM OPINION

This appeal arises from a forceable detainer action filed by Appellee, La Mesa Apartments, seeking to evict Appellant, Israel Mendoza III, from a property (the Property) he had leased. The appeal is before the Court on La Mesa's motion to dismiss, in which it asks this Court to dismiss the appeal as moot because there is no longer a live controversy between the parties as to the possession of the Property.

In October of 2019, La Mesa filed a forcible detainer action against Mendoza in the justice court, which rendered a judgment of eviction and awarded possession of the Property to La Mesa. Mendoza appealed the decision to the county court at law. On January 13, 2023, the county court at law signed an order granting summary judgment (the Order) for La Mesa. The Order awarded possession of the Property to La Mesa and granted a writ of possession. Mendoza filed a timely notice of appeal to this Court and a supersedeas bond listing Alejandro Hernandez, Jr. and Edith

Schneider-Hernandez as sureties. La Mesa responded by filing a motion for review of Mendoza's appeal bond.

On April 27 and May 12, 2023, the county court at law held hearings on La Mesa's motion for review, pursuant to Rule 24 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 24.1(b)(2) ("On a motion of any party, the trial court will review the bond."). The county court at law granted La Mesa's motion to review, finding that Mendoza's appeal bond did not supersede or suspend enforcement of the Order. On June 2, 2023, the County Clerk of El Paso County, Texas issued a writ of possession in favor of La Mesa for possession of the Property. Possession of the Property was restored to La Mesa on June 12, 2023, through the execution of the writ of possession.

On August 22, 2023, this Court abated this appeal and remanded the cause to the trial court for an evidentiary hearing regarding the trial court's jurisdiction based on events occurring after the notice of appeal was filed. The trial court found that Mendoza's lease had expired, and he was no longer in possession of the Property, thus Mendoza "ha[d] not asserted and does not hold a potentially meritorious claim of right to current, actual possession of the Property." The trial court further found that no live controversy exists between the parties and the trial court lacked subject-matter jurisdiction over the suit as it had become moot.

"The only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) (citing TEX. R. CIV. P. 510.3(e)). When a tenant appeals an eviction judgment, they may post a supersedeas bond in an amount set by the county court to stay the execution of the judgment during the pendency of the appeal. TEX. PROP. CODE ANN. § 24.007. If the tenant fails to file a satisfactory supersedeas bond, the judgment may be enforced by execution of a writ of possession which evicts the tenant from the premises. *Marshall*, 198 S.W.3d at 786.

When the tenant appeals from the judgment, does not file a supersedeas bond, and loses possession of the property, the appeal is generally considered moot unless "appellate relief is not futile." *Id.* at 787. Appellate relief is not futile if the tenant "[holds] and assert[s] a potentially meritorious claim of right to current, actual possession" of the property. *Id.* If, as here, the tenant's lease has expired, there is no basis for claiming a right to possession after the date of the lease expiration. *Id.*

We conclude, based on our review of the record and the supplemental hearing, any appellate relief is futile—Mendoza is no longer in possession of the Property and has not asserted a potentially meritorious claim to possession of the Property. Therefore, the appeal is moot because there is no longer a live controversy between the parties concerning the forcible detainer action.[1]

For these reasons, we grant La Mesa's motion and dismiss the appeal as moot.

YVONNE T. RODRIGUEZ, Chief Justice

October 10, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.

---

[1] We do not consider any of the issues raised in Mendoza's brief. Even if we were to find reversible error, a remand would not redress any alleged injury because a judgment in a forcible detainer action determines *only* the right to immediate possession of a premises—Mendoza is no longer in possession of the Property and his lease has expired, leaving him no other potential relief. *See Marshall*, 198 S.W.3d at 787 (stating that a forcible detainer action determines the right of immediate possession).